RON BENDER (SBN 143364)
JACQUELINE L. RODRIGUEZ (SBN 198838)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234;
Facsimile: (310) 229-1244
Emails: rb@lnbrb.com; jlr@lnbrb.com

Proposed Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### (RIVERSIDE DIVISION)

| | |
|---|---|
| In re: | Main Case No. 6:09-16530-TD |
| WMI, a California corporation, *et al.* | Jointly Administered with:<br>Case No. 6:09-16536-TD<br>Case No. 6:09-16543-TD<br>Case No. 6:09-16550-TD |
| | Chapter 11 |
| ☐ Affects All Debtors | **REPLY TO OBJECTION OF NCB AND NCB, FSB TO DEBTORS' PROPOSED FORM OF ORDER RE: EMERGENCY MOTION FOR THE USE OF CASH COLLATERAL PENDING A FINAL HEARING; DECLARATION OF JACQUELINE L. RODRIGUEZ** |
| ☐ Affects WMI only | |
| ☐ Affects WMI I only | |
| ☐ Affects WMIRE only | |
| ☐ Affects Williams Mechanical, Inc. only | Hearing:<br>Date: April 10, 2009<br>Time: 10:00 a.m.<br>Place: <u>Appearance In Person</u><br>Courtroom 1345<br>255 E. Temple St.<br>Los Angeles, CA 90012, <u>or</u><br><br><u>Appearance By Teleconference</u><br>Courtroom 303<br>3420 Twelfth Street<br>Riverside, CA 92501 |

WMI, WMI I, WMIRE and Williams Mechanical, Inc. ("Mechanical"), the debtors and debtors in possession herein (the "Debtors") hereby reply to the objections raised in the Bank's opposition as to the form of the Debtors' order with respect to the Debtors' emergency motion requesting the use of cash collateral (the "Motion") as follows:

The Debtors did not find all of the revisions in the proposed form of order suggested by the Bank to be objectionable. However, from the Debtors' perspective, the main problem with the Bank's proposed form of order is that it specifically attempts to gain rights, such as in connection with a superpriority administrative expense claim and the establishment of the alleged validity of the Bank's liens as if the order was a cash collateral stipulation. The Debtors hope that the parties are able to work out a cash collateral stipulation in the future. Nevertheless, they were not able to work one out prior to the hearing. As a result, it was completely inappropriate for the Bank's counsel to ask for such revisions to be placed in the order when the Court did not grant that relief.

Part of the issue had to do with timing. Debtors' counsel did its best to draft a form of order that it felt was consistent with the Court's ruling as soon as possible after the hearing so that it could be submitted to the Court. However, the Bank's counsel responded to that by deciding to request the inclusion of additional relief not granted by the Court. As time was short and Debtors' counsel had to prepare for a trial the very next day and, unfortunately, did not have the ability to engage in a long discussion with respect to the Bank's proposed revisions, Debtors' counsel decided to inform the Bank that it could "take or leave" the initial version. In hindsight, that may not have been the best way to proceed. Nevertheless, that step was not taken with any malice. It was only done with the belief that the parties had a disagreement with respect to the form of the order that, most likely (even despite a telephone

discussion on the subject), could not be resolved given the short time window available and the fact that, from the perspective of Debtors' counsel, the Bank's counsel was asking for so much that the Court had not specifically ordered, and that the most efficient thing to do would be to let the Court decide which order (or combination of orders) it found to be most consistent with its ruling. Nevertheless, today, Debtors' counsel contacted the Bank's counsel in an effort to work out a stipulated order with the Bank's counsel and the Bank's counsel did not respond to those efforts. Attached as Exhibit "1" hereto is a proposed form of order, which incorporates some of the Bank's comments, and which the Debtors propose may be an acceptable compromise.

The Court granted the Debtors' access to the cash in their bank accounts as well as up to $500,000 of the funds in the CDs to be used only if they were needed and in accordance with the Budget. The Debtors believe that the parties agree on this point. The Bank raises the issue about the use of funds, presumably not because it is concerned that the Debtor will fail to comply with the Budget and the Court's order, but because the Bank took the position (at least initially) last night that it would not liquidate the CDs this morning and transfer the funds to the Debtors (contrary to the Court's ruling) because, according to the Bank's counsel, the Debtors did not need those funds. It was only after the Debtors' counsel informed the Bank's counsel that it would consider the Bank to be in violation of the Court's order if it did not transfer the funds that the Bank agreed to wire transfer those funds.

The reality is that the Budget reflects that the Debtors will have negative cash flow for the next two weeks and that the Debtors will need approximately $623,000, at a minimum, to make it through the next few weeks *assuming that all of the Debtors' clients pay as required*, and pursuant to the terms of the Budget. However, since some of the Debtor's customers may

be a bit slow in paying the amounts due during these initial stages, and since the Debtors promised to only use the Bank's collateral to pay the budget expenses as requested, the Debtors do not think that it was unreasonable for them to request in their Motion and during the hearing that they be granted the ability to access $500,000 of the funds in the CDs as needed. The Debtors still believe that that is true today even in light of Mr. Gajdzik's inadvertent error with respect to the cash balance in the prepetition accounts. As a result, the Debtors suggest that the relief granted by the Court was, and still is, reasonable, and they request that the Court enter the order attached as Exhibit "1" hereto.

Dated: April 9, 2009

WMI, WMI I, WMIRE, and
WILLIAMS MECHANICAL, INC.,

_____
Ron Bender
Jacqueline L. Rodriguez
LEVENE, NEALE, BENDER,
RANKIN & BRILL L.L.P.
Attorneys for Debtors and
Debtors in Possession

# DECLARATION OF JACQUELINE L. RODRIGUEZ

I, Jacqueline L. Rodriguez, hereby declare as follows:

1. I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently with respect thereto.

2. I am employed by Levene, Neale, Bender, Rankin & Brill L.L.P. ("LNBRB"), bankruptcy counsel to WMI, WMI I, WMIRE, and Williams Mechanical, Inc., the debtors and debtors in possession in the above-captioned Chapter 11 bankruptcy cases (collectively, the "Debtors"). I am licensed to practice law in the State of California and before this Court.

3. In the afternoon of April 9, 2009, I attempted to contact Christine Pajak, counsel for NCB, by email in an effort to work out a stipulated order with the Bank's counsel. However, I did not hear back from Ms. Pajak before I executed this declaration at 8:45 p.m.

4. A copy of the form of the proposed order that I attempted to discuss with Ms. Pajak is attached hereto as Exhibit "1".

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of April 2009 at Los Angeles, California.

_____
JACQUELINE L. RODRIGUEZ

RON BENDER (SBN 143364)
JACQUELINE L. RODRIGUEZ (SBN 198838)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Emails: rb@lnbrb.com; jlr@lnbrb.com

Proposed Attorneys for Chapter 11 Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
(RIVERSIDE DIVISION)

| | |
|---|---|
| In re:<br>WMI, a California corporation,<br><br>In re:<br>WMI I, a California corporation,<br><br>In re:<br>WMIRE, a California corporation,<br><br>In re:<br>WILLIAMS MECHANICAL, INC.,<br>a California corporation,<br><br>Debtors. | Main Case No. 6:09-16530-TD<br><br>Jointly Administered with:<br>   Case No. 6:09-16536-TD<br>   Case No. 6:09-16543-TD<br>   Case No. 6:09-16550-TD<br><br>Chapter 11<br><br>**[PROPOSED] ORDER: (1) AUTHORIZING DEBTORS' USE OF CASH COLLATERAL ON AN INTERIM BASIS; AND (2) SETTING A SECOND INTERIM HEARING ON DEBTORS' EMERGENCY MOTION FOR THE USE OF CASH COLLATERAL**<br><br>Hearing:<br>Date: April 22, 2009<br>Time: 11:00 a.m.<br>Place: <u>Appearance By Teleconference</u><br>   Courtroom 303<br>   3420 Twelfth Street<br>   Riverside, CA 92501<br><br>   <u>Appearance In Person</u><br>   Courtroom 303<br>   255 E. Temple St.<br>   Los Angeles, CA 90012, <u>or</u> |

EXHIBIT __1__

On April 8, 2009, at 1:00 p.m., at the above-referenced locations, the Court held a hearing on the Emergency Motion for an Order Authorizing the Use of Cash Collateral on an Interim Basis Pending a Final Hearing (the "Motion") filed by WMI, WMI I, WMIRE, and Williams Mechanical, Inc. ("Mechanical" and with WMI, WMI I, and WMIRE referred to herein as "the Debtors"), the debtors and debtors in possession in the above-entitled Chapter 11 bankruptcy cases (the "Debtors"). Appearances were made as set forth on the record of the Court.

Upon consideration of the Motion, the opposition to the Motion filed by NCB and NCB, FSB (jointly referred to herein as the "Bank"), evidence in support of the foregoing duly admitted into evidence by the Court, and the arguments of counsel made at the hearing on the Motion, and for good cause shown,

**IT IS HEREBY ORDERED**, as follows:

1. The Motion, as modified herein, is granted on an interim basis. A second interim hearing on the Motion shall be held on April 22, 2009 at 11:00 a.m. (the "Second Interim Hearing").

2. The budget attached as Exhibit "A" to the Motion (the "Budget") is approved.

3. The Debtors are authorized to use cash collateral as described in the Motion (the "Cash Collateral") pursuant to the terms of the ~~Motion, including but not limited to up to $500,000 of the money held by the Bank as evidenced by certificates of deposit (the "CD's")~~ Budget through and including the conclusion of the Second Interim Hearing; provided however, that, with respect to the certificates of deposit (the "CDs") currently being held by the Bank as Cash Collateral, the Debtors shall have the right to use no more than $500,000 of any such CDs only to meet expenses provided for in the Budget and cannot otherwise be paid from monies in the Debtors' bank accounts, including any post-petition collections paid into such accounts.

4. The Bank (and any other creditor who asserts a lien against the Debtors' cash collateral) is hereby granted a replacement lien against the Debtors' assets, with such replacement lien to have the same extent, validity, and priority as the pre-petition lien held by such creditor. In addition, the Bank shall be entitled to replacement liens against all of the Debtors' assets but only to the extent of any diminution in the value of the Bank's collateral.

5. The replacement lien(s) granted pursuant hereto shall constitute adequate protection of the Bank's interest in the Debtors' cash collateral (and the interests of any other creditor who assets a lien against the Debtors' cash collateral).

4.6. The Debtor shall provide notice of the ~~final hearing~~ Second Interim Hearing and Final Hearing to all secured creditors, the Debtors' 20 largest unsecured creditors or an Official Committee of Unsecured Creditors, all parties who have requested special notice, and the Office of the United States Trustee.

5.7. Any objection to final approval of the Motion may be delivered orally or in writing up to and including the time of the Second Interim Hearing (including telephonically).

**IT IS SO ORDERED.**

Dated:_____

THE HONORABLE THOMAS DONOVAN
UNITED STATES BANKRUPTCY JUDGE

| In re: | CHAPTER 11 |
|---|---|
| WMI, a California corporation, et al. | CASE NUMBER Lead Case No. 6:09-16530-TD |
| Debtor(s). | (Proposed-Jointly Administered with Case Nos. 6:09-16536-TD; 6:09-16543-TD; and 6:09-16550-TD) |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

A true and correct copy of the foregoing document described as **REPLY TO OBJECTION OF NCB AND NCB, FSB TO DEBTORS' PROPOSED FORM OF ORDER RE: EMERGENCY MOTION FOR THE USE OF CASH COLLATERAL PENDING A FINAL HEARING** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

→ DECLARATION OF JACQUELINE L.

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 9, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

RODRIGUEZ

- Ron Bender   rb@lnbrb.com
- Elizabeth A Lossing   elizabeth.lossing@usdoj.gov
- Jacqueline L Rodriguez   jlr@lnbrb.com
- United States Trustee (RS)   ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On ___, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 9, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 9, 2009 | Jason Klassi | /s/ Jason Klassi |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    F 9013-3.1

WMI, WMI I, WMIRE & Williams
Mechanical
File No. 4353

* Elizabeth A Lossing
3685 Main St., Suite 300
Riverside, CA 92501
(elizabeth.lossing@usdoj.gov)

Hon. Thomas B. Donovan
United States Bankruptcy Court
Courtroom 1345
255 East Temple Street
Los Angeles, CA 90012
(Via messenger service)

SERVED BY E-MAIL AND FAX *

* Counsel for NCB
Neeta Menon (NMenon@Stutman.com)
Christine M. Pajak (CPajak@Stutman.com)
Stutman, Treister & Glatt, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067