RON BENDER (SBN 143364)
JACQUELINE L. RODRIGUEZ (SBN 198838)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Emails: rb@lnbrb.com; jlr@lnbrb.com

Proposed Attorneys for Chapter 11 Debtors and Debtors in Possession

**ENTERED** MAY - 1 2009
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

**FILED** MAY - 1 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
(RIVERSIDE DIVISION)

In re:

WMI et al.,

    Debtors.

)  Main Case No. 6:09-16530-TD
)
)  Jointly Administered with:
)     Case No. 6:09-16536-TD
)     Case No. 6:09-16543-TD
)     Case No. 6:09-16550-TD
)
)  Chapter 11
)
)  **ORDER: (1) AUTHORIZING DEBTORS' USE OF CASH COLLATERAL ON AN INTERIM BASIS; AND (2) SETTING FIFTH INTERIM HEARING ON DEBTORS' EMERGENCY MOTION FOR THE USE OF CASH COLLATERAL**
)
)  Hearing:
)  Date: April 28, 2009
)  Time: 2:00 p.m.
)  Place: <u>Appearance By Teleconference</u>
)      Courtroom 303
)      3420 Twelfth Street
)      Riverside, CA 92501
)
)      <u>Appearance In Person</u>
)      Courtroom 303
)      255 E. Temple St.
)      Los Angeles, CA 90012, <u>or</u>
)

1

486377v1

On April 28, 2009, at 11:00 a.m., the Court held a fourth interim hearing on the *Debtors' Emergency Motion for an Order Authorizing the Use of Cash Collateral on an Interim Basis Pending a Final Hearing* (the "Motion") filed by WMI, WMI I, WMIRE, and Williams Mechanical, Inc. ("Mechanical" and with WMI, WMI I, and WMIRE, referred to herein as the "Debtors"), the debtors and debtors in possession in the above-entitled Chapter 11 bankruptcy cases. Appearances were made as set forth on the record of the Court.

Upon consideration of the second supplement filed by the Debtors in further support of the Motion (the "Second Supplement"), the objection (the " Objection") filed by NCB and NCB, FSB (jointly referred to herein as the "Bank") to the relief sought in the Second Supplement, the evidence in support of the foregoing duly admitted into evidence by the Court, and the arguments of counsel made at the hearing on the Motion, and for good cause shown,

**IT IS HEREBY ORDERED**, as follows:

1. The relief requested in the Second Supplement is granted in part and denied in part. A fifth interim hearing on the use of cash collateral shall be held on June 8, 2009 at 2:00 p.m. (the "Fifth Interim Hearing").

2. The budget attached as Exhibit "1" hereto (the "Budget") is approved.

3. The Debtors are authorized to use cash collateral as described in the Second Supplement (the "Cash Collateral"), pursuant to the terms of the Budget and the Second Supplement through and including June 8, 2009 except that the Debtors shall not have the right to utilize the $300,000 that was previously contained in the certificate of deposit ("CD") accounts (the "$300,000"), which the Bank had wired to the Debtors several weeks ago pursuant to a prior oral order of the Court, but which funds the Debtors have not had the authority to use since then.

4. Within one business day of the entry of this order, the Debtors shall return the $300,000 to the Bank.

486377v1

5. As adequate protection for and to the extent of any diminution in value of the Bank's interest in the Cash Collateral resulting from any Debtor's post-petition use of Cash Collateral pursuant to Bankruptcy Code section 363(c) and this Order:

(i) From the Petition Date, and without the necessity of the execution or recordation of mortgages, security agreements, pledge agreements, financing statements or otherwise, the Bank is hereby granted valid, duly perfected and non-avoidable replacement security interests and liens in and to all of the Debtors' assets as partial adequate protection (the "Adequate Protection Liens").

(ii) From the Petition Date and continuing by and through the entry of a final cash collateral Order, the Bank shall be deemed to have an allowed superpriority adequate protection claim against each Debtor to the extent the Bank's Adequate Protection Liens are not adequate to protect the Bank against the diminution in value of the Bank's Cash Collateral (the "Superpriority Adequate Protection Claim"). The Debtors shall be jointly and severally liable for the Superpriority Adequate Protection Claim. The Superpriority Adequate Protection Claim shall have priority over all other administrative expenses in these bankruptcy cases, including any conversion to Chapter 7, of the kind specified in or arising or ordered pursuant to Bankruptcy Code sections 326, 328, 330, 331, 503(b), 507(a), 507(b), 726 or 1114, whether or not such expenses or claims may become secured by a judgment lien or other non-consensual lien, levy, attachment or otherwise.

(iii) No Adequate Protection Lien granted to the Bank hereunder, shall (a) be subject to any prepetition or postpetition lien or security interest that is: (I) avoided and preserved for the benefit of any of the Debtors' estates under Bankruptcy Code section 551 or otherwise, or (II) subject to subordination under Bankruptcy Code section 510 or otherwise, (b) hereafter be subordinated to or made pari passu with any other lien or security interest under Bankruptcy Code section 364(d).

(iv) Nothing herein shall be deemed to be a waiver by any party of its rights with respect to any matters addressed in the Second Supplement or the Motion.

486377v1

4. The Debtors shall provide notice of the Fifth Interim Hearing and Final Hearing to all secured creditors, the Debtors' 20 largest unsecured creditors or an Official Committee of Unsecured Creditors, all parties who have requested special notice, and the Office of the United States Trustee.

6. The Debtors shall file and serve supplemental pleadings in support of their continued use of Cash Collateral by no later than May 28, 2009.

7. The Bank and any other interested party shall file and serve any opposition to any pleadings filed by the Debtors in support of the continued use of Cash Collateral by no later than June 2, 2009.

**IT IS SO ORDERED.**

# # #

IT IS SO ORDERED.

Dated: 5/1/09

Bankruptcy Judge

# Cash Flow Analysis

## 2009 ~ 2010



| | April 24, 2009 - May 30, 2009 | June 30, 2009 | July 31, 2009 | August 31, 2009 | September 30, 2009 | October 31, 2009 | November 30, 2009 | December 31, 2009 | January 31, 2010 | February 28, 2010 | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Starting Cash Balance ------> | $199,026 | | | | | | | | | | |
| 1 Current Accounts Receivables ~ WMI | $2,134,009 | $3,196,569 | $1,128,781 | $200,453 | $0 | $35,899 | $0 | $0 | $790,048 | $0 | 7,485,759 |
| 2 Current Accounts Receivables ~ Williams | $37,423 | $14,821 | $1,000 | $1,000 | $48,225 | $1,000 | $1,000 | $1,000 | $43,590 | $0 | 149,059 |
| 1 Accounts Receivables ~ (Retentions) ~ WMI | $0 | $0 | $6,807 | $3,115 | $141,465 | $37,947 | $286,981 | $430,110 | $284,412 | $0 | 1,190,837 |
| 2 Accounts Receivables ~ (Retentions) ~ Williams | | | | | | | | $9,111 | | | 9,111 |
| A Consolidated Accounts Receivables | $2,171,432 | $3,211,390 | $1,136,588 | $204,568 | $189,690 | $74,846 | $287,981 | $440,221 | $1,118,050 | $0 | 8,834,766 |
| Joint Checks on Receivables Collected (Line A)...> | ($1,053,547) | ($1,284,556) | ($454,635) | ($81,827) | ($75,876) | ($29,938) | ($115,192) | ($176,088) | ($447,220) | $0 | (3,718,880) |
| B Collection of Projected Billings (Backlog) ~ WMI | | | $2,664,444 | $3,180,000 | $3,700,000 | $3,894,384 | $3,449,046 | $3,568,348 | $3,349,814 | $2,158,831 | 25,964,867 |
| C Projected Billings (Backlog) ~ Williams | | $197,470 | $197,470 | | | | | | | | 394,940 |
| Joint Checks on Receivables Collected (Line B)~ WMI | | | ($1,065,778) | ($1,272,000) | ($1,480,000) | ($1,557,754) | ($1,379,618) | ($1,427,339) | ($863,532) | | (10,385,947) |
| Work In Progress Labor ~ WMI | ($799,333) | ($954,000) | ($1,110,000) | ($1,168,315) | ($1,034,714) | ($1,070,504) | ($1,004,944) | ($547,649) | ($472,542) | ($357,066) | (8,619,068) |
| Work In Progress ~ Material ~ Williams | ($98,735) | ($98,735) | | | | | | | | | (197,470) |
| Work In Progress Labor ~ Williams | ($89,710) | ($69,115) | | | | | | | | | (158,825) |
| Salaries ~ Burdens & Medical Insurances | ($456,300) | ($313,261) | ($384,780) | ($313,260) | ($313,260) | ($384,780) | ($313,260) | ($384,780) | ($384,780) | ($313,260) | (3,561,721) |
| Administrative Expenses | ($63,000) | ($70,000) | ($71,000) | ($71,000) | ($71,000) | ($70,000) | ($69,000) | ($69,000) | ($70,000) | ($69,000) | (699,000) |
| Insurances ~ General Liability & Workers Comp | ($59,863) | ($59,863) | ($59,863) | ($59,863) | ($59,863) | ($59,863) | ($59,863) | ($20,405) | ($20,405) | ($65,000) | (524,851) |
| **** NCB ~ (WMI) CD ~ Reimbursement | | | | | ($150,000) | ($150,000) | ($150,000) | ($150,000) | ($500,000) | ($500,000) | (1,600,000) |
| End of Period ~ Cash Flow...> | ($266,030) | $293,300 | $1,145,746 | $1,564,049 | $2,269,026 | $2,915,417 | $3,560,566 | $4,693,873 | $5,926,864 | $5,917,837 | 38,202,351 |

<.... CD Replenished 100%

EXHIBIT 1

| | | |
|---|---|---|
| In re:<br><br>WMI, a California corporation, et al.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER **Lead Case No. 6:09-16530-TD**<br>(Jointly Administered with Case Nos. 6:09-16536-TD; 6:09-16543-TD; and 6:09-16550-TD) | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

A true and correct copy of the foregoing document described as

**[PROPOSED] ORDER: (1) AUTHORIZING DEBTORS' USE OF CASH COLLATERAL ON AN INTERIM BASIS; AND (2) SETTING FIFTH INTERIM HEARING ON DEBTORS' EMERGENCY MOTION FOR THE USE OF CASH COLLATERAL**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 29, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

5

486377v1

| | |
|---|---|
| 1 | Via Personal Service |
| 2 | The Hon. Thomas B. Donovan<br>United States Bankruptcy Court |
| 3 | 255 East Temple Street<br>Los Angeles, CA 90012 |
| 4 | ☐ Service information continued on attached page |
| 5 | I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. |
| 6 | |

| Date | Type Name | Signature |
|---|---|---|
| April 29, 2009 | Jason Klassi | /s/ Jason Klassi |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

6

486377v1

| | |
|---|---|
| In re:<br>WMI, a California corporation, et al.<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER **Lead Case No. 6:09-16530-TD**<br>(Proposed-Jointly Administered with Case Nos. 6:09-16536-TD; 6:09-16543-TD; and 6:09-16550-TD) |

**NOTE TO USERS OF THIS FORM:**
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **PROPOSED] ORDER: (1) AUTHORIZING DEBTORS' USE OF CASH COLLATERAL ON AN INTERIM BASIS; AND (2) SETTING FIFTH INTERIM HEARING ON DEBTORS' EMERGENCY MOTION FOR THE USE OF CASH COLLATERAL** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of April 23, 2009, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Ron Bender    rb@lnbrb.com
- William P Fennell    william.fennell@fennelllaw.com, lisa.torres@fennelllaw.com;luralene.schultz@fennelllaw.com;tracy.schim@fennelllaw.com
- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- Margaret M Mann    mmann@sheppardmullin.com, michelemcconnell@sheppardmullin.com
- Christine M Pajak    cpajak@stutman.com
- Jacqueline L Rodriguez    jlr@lnbrb.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 9021-1.1**

7

486377v1